UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRIS LANDIS,

       Plaintiff,                                    Hon. Ellen S. Carmody

v.                                                     Case No. 1:14-CV-1217

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

_____/

## OPINION

This matter is before the Court on Defendant's Motion to Dismiss. (Dkt. #6). Defendant asserts that Plaintiff's complaint must be dismissed on the ground that it was not timely filed. On February 18, 2015, the parties agreed to proceed in this Court for all further proceedings, including an order of final judgment. (Dkt. #10). For the reasons articulated herein, Defendant's motion to dismiss is **granted**.

On November 25, 2014, Plaintiff initiated the present action appealing the Commissioner's decision denying his claim for benefits. Pursuant to 42 U.S.C. § 405(g), appeals such as this must be filed in the district court within 60 days of the Commissioner's final decision. This requirement is not jurisdictional in nature, but instead operates as a statute of limitations. *See Bowen v. City of New York*, 476 U.S. 467, 478 (1986). However, because this limitations period constitutes a waiver of sovereign immunity it "must be strictly construed." *Id.* at 479.

Equitable tolling of the limitations period is appropriate only in "exceptional circumstances" and Plaintiff bears the burden of establishing that such circumstances exist. *See*

*Kellum v. Commissioner of Social Security*, 295 Fed. Appx. 47, 49 (6th Cir., Oct. 1, 2008). Equitable tolling "generally applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* at 50. As discussed below, Plaintiff's action was filed after the expiration of the relevant 60 day period. While equitable tolling of the limitations period is appropriate in certain limited circumstances, Plaintiff has failed to establish entitlement thereto. Furthermore, while Plaintiff could have requested from the Commissioner an extension of time within which to initiate his appeal in the district court, he made no such request.

The evidence submitted by Defendant reveals the following. Plaintiff filed for disability benefits on March 8, 2012. (Dkt. #7 at Page ID#28). In a decision dated July 31, 2013, Plaintiff's claim for benefits was denied. (Dkt. #7 at Page ID#28-37). Plaintiff appealed this determination to the Appeals Council. In a decision dated August 28, 2014, the Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (Dkt. #7 at Page ID#39-41). This decision instructed Plaintiff that if he wished to seek judicial review of the Commissioner's determination, he must do so within 60 days. (Dkt. #7 at Page ID#40). Plaintiff was further informed that

> The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.
>
> If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file.

(Dkt. #7 at Page ID#40).

Accordingly, the 60 day limitations period began to run September 3, 2014, and expired on November 3, 2014. Plaintiff initiated the present action on November 25, 2014. Thus, Plaintiff's action is untimely. As indicated above, the relevant statute of limitations is subject to equitable tolling in certain circumstances. However, Plaintiff has not established entitlement to such relief. In fact, Plaintiff has failed to even respond to the present motion to dismiss.

Plaintiff was notified of the time period within which to file his claim in the district court and there is neither evidence nor allegation that Defendant undertook any improper action in this matter. *See Bowen*, 476 U.S. at 481-82; *Day v. Shalala*, 23 F.3d 1052, 1058 (6th Cir. 1994); *White v. Commissioner of Soc. Sec.*, 2003 WL 22905309 at *1-2 (6th Cir., Nov. 26, 2003). Finally, while Plaintiff could have requested an extension of time within which to file his appeal in the district court, he did not request any such extension. (Dkt. #7 at Page ID#20-23).

## CONCLUSION

For the reasons articulated herein, Defendant's Motion to Dismiss, (Dkt. #6), is **granted**. A judgment consistent with this opinion will enter.

Date: March 13, 2015          /s/ Ellen S. Carmody
                              ELLEN S. CARMODY
                              United States Magistrate Judge